**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MILLENNIUM OUTDOORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEADER ACCESSORIES LLC,<br><br>Defendant. | Civil Action No. 3:23-cv-00106<br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Millennium Outdoors, LLC ("Millennium") alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Design Patent Nos. D727,046 (the "D'046 Patent") and D727,047 (the "D'047 Patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*., and trade dress infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Millennium owns all right, title, and interest in the D'046 Patent, the D'047 Patent, and the trade dress for its folding, breathable mesh boat seats offered under the Millennium Marine B-Series line.

2. Upon information and belief, Defendant Leader Accessories LLC ("Defendant") offers for sale and/or sells in the United States, certain boat seats marketed as the Leader Accessories Portable Folding Marine Fishing Seat Boat Seat (the "Accused Product").

3. The Accused Product infringes the claimed designs in the D'046 Patent and the D'047 Patent.

4. The Accused Product also infringes Millennium's trade dress.

## THE PARTIES

5. Millennium is a Mississippi limited liability company with a principal place of business at 201 Fairmont Plaza, Pearl, Mississippi 39208.

6. Millennium owns all rights and title in and to each of the Asserted Patents, including the right to sue for all infringement thereof, including past infringement.

7. Upon information and belief, Defendant is a Wisconsin limited liability company with its principal place of business at 2820 Prairie Avenue, Unit A, Beloit, Wisconsin 53511.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281–285, and the trademark laws of the United States, including 15 U.S.C. §§ 1117, 1125.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (patent and trademark claims), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1331 (federal question).

10. This Court has personal jurisdiction over Defendant because Defendant is a Wisconsin limited liability company with its principal place of business in Wisconsin.

11. Venue for the claims against Defendant is proper within this district pursuant to 28 U.S.C. § 1400 because Defendant resides in Wisconsin and, upon information and belief,

Defendant has committed acts of infringement and maintains at least one regular and established place of business in the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

### Millennium's Innovation and Industry Recognition

12. Millennium designs, develops, manufactures, and sells a range of innovative outdoor products, including, *inter alia*, seating for the marine industry. Millennium was the first in the industry to design and offer a folding, breathable mesh boat seat. One version of Millennium's innovative mesh boat seat is offered as a part of the Millennium Marine B-Series, namely, the Millennium B-100 Boat Seat (the "Millennium Boat Seat").

13. The Millennium Boat Seat has been advertised and featured extensively throughout the United States, including through Millennium's own social media and advertising.

14. Millennium has made significant investments, both in time and resources, in developing the Millennium Boat Seat, as well as securing its intellectual property rights. This intellectual property includes patent rights and valuable trade dress.

### The Asserted Patents

15. On April 21, 2015, the D'046 Patent, entitled "Boat Seat," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The D'046 Patent names Bill W. Alexander as the inventor. A true and correct copy of the D'046 Patent is attached to this Complaint as **Exhibit A**.

16. By lawful assignment, Millennium is the owner of all rights, title, and interest in and to the D'046 Patent.

17. The D'046 Patent discloses and claims the non-functional, ornamental design for a boat seat, which is described and shown from multiple perspectives in Figures 1-6.

18. On April 21, 2015, the D'047 Patent, entitled "Boat Seat," was duly and legally issued by the USPTO. The D'047 Patent names Bill W. Alexander as the inventor. A true and correct copy of the D'047 Patent is attached to this Complaint as **Exhibit B**.

19. By lawful assignment, Millennium is the owner of all rights, title, and interest in and to the D'047 Patent.

20. The D'047 Patent discloses and claims the non-functional, ornamental design for a boat seat, which is described and shown from multiple perspectives in Figures 1-6.

**Millennium's Well-Known Trade Dress**

21. Through extensive and consistent advertising, promotion, and publicity of the Millennium Boat Seat, Millennium has obtained and holds unique and distinctive trade dress in its overall design of the Millennium Boat Seat (the "Boat Seat Trade Dress"). The Boat Seat Trade Dress as a whole does not affect the cost or quality of the Millennium Boat Seat or serve any functional purpose. Moreover, the Boat Seat Trade Dress, when used exclusively by Millennium, does not put Millennium's competitors at a significant reputation-related disadvantage, as the Boat Seat Trade Dress is not the only option for the design of a boat seat.

22. Millennium has used its distinctive and non-functional Boat Seat Trade Dress on its boat seats and in its advertising for more than five years to identify Millennium as the source of the boat seats. Millennium began marketing and selling the Millennium Boat Seat that features the Boat Seat Trade Dress at least as early as 2017, and before that, Millennium sold an earlier version of the Millennium Boat Seat that featured almost identical trade dress beginning in 2014. Since then, Millennium has extensively promoted, advertised, and used the Boat Seat Trade Dress in various media throughout the United States, including, but not limited to, product labeling and packaging, brochures, point of purchase display materials, trade show displays, television, social

media, and web advertisements. As a result of those efforts, the Boat Seat Trade Dress distinguishes Millennium's products from those offered by others.

23. As shown below, key elements of the Boat Seat Trade Dress include, but are not limited to: (a) the design, style, and appearance of the contour of the seat portion; (b) the design, style, and appearance of the contour of the backrest; (c) the design, style, and appearance of the rounded top left and right edges of the backrest; (d) the design, appearance, and placement of the fabric cutouts; (e) placement of a logo on the center of the backrest; (f) the design, appearance, and placement of the side straps, and (g) the design, appearance, and placement of the support bars underneath the seat portion.




24. In the United States, the Millennium Boat Seat featuring the Boat Seat Trade Dress is sold through a wide variety of channels including, but not limited to:

- Bass Pro Shops;
- Academy Sports and Outdoors;
- Retailer's websites including, but not limited to, www.amazon.com, www.basspro.com, www.walmart.com, www.cabelas.com,

www.homedepot.com, www.iboats.com, www.academy.com, www.bluebayouboats.com, and www.grizzlyjig.com; and

- Millennium's own online store at www.millenniummarine.com.

25. The striking and distinctive nature of the Boat Seat Trade Dress ensures that consumers will recognize that a product bearing this trade dress emanates from Millennium.

26. As a result of Millennium's widespread use and display of the Boat Seat Trade Dress in association with the Millennium Boat Seat, the public has come to recognize and identify products bearing the Boat Seat Trade Dress as originating from Millennium. The public also recognizes that products bearing the Boat Seat Trade Dress constitute high quality products. Accordingly, the Boat Seat Trade Dress has established strong secondary meaning and has acquired distinctiveness in that consumers recognize the Boat Seat Trade Dress as emanating from a single source. The Boat Seat Trade Dress achieved this status long before Defendant first began the infringing activities described below.

27. The Boat Seat Trade Dress represents Millennium's extensive goodwill and is a tremendously valuable asset.

**Defendant's Infringing Activity**

28. Defendant is a manufacturer of products including boat seats and covers for patios, boats, RVs, and watersports. Defendant offers and sells its products through its own website and retail partners, including, Amazon.

29. Upon information and belief, at least as early as February 2022, Defendant began to manufacture and then sell and/or offer to sell the Accused Product, which is a folding, breathable mesh boat seat.

30. Upon information and belief, Defendant copied the design for the Accused Product from the boat seat designs of the Asserted Patents and the Boat Seat Trade Dress of the Millennium Boat Seat.

31. Defendant currently offers the Accused Product for sale on Amazon.com.[1]

32. The Accused Product infringes the D’046 Patent, the D’047 Patent, and the Boat Seat Trade Dress.

33. The overall appearances of the design of the D’046 Patent and the corresponding design of the Accused Product are substantially the same.

34. An ordinary observer will perceive the overall appearances of the design of the D’046 Patent and the corresponding design of the Accused Product to be substantially the same.

35. Table 1 below illustrates Defendant’s infringement by comparing figures from the D’046 Patent with exemplary images of the Accused Product.

---

[1] *See* https://www.amazon.com/Leader-Accessories-Portable-Folding-Fishing/dp/B09SKPRS11/ref=sxin_16_pa_sp_search_thematic_sspa?content-id=amzn1.sym.4e7a2229-074e-44de-95c4-9fd858f46295%3Aamzn1.sym.4e7a2229-074e-44de-95c4-9fd858f46295&crid=2Y6T705GXB23R&cv_ct_cx=leader%2Baccessories%2Bboat%2Bseat&keywords=leader%2Baccessories%2Bboat%2Bseat&pd_rd_i=B09SKPRS11&pd_rd_r=8ed4960e-d6ae-45fc-9081-e133dc1fdee6&pd_rd_w=xcpsO&pd_rd_wg=clY8L&pf_rd_p=4e7a2229-074e-44de-95c4-9fd858f46295&pf_rd_r=1M966QW9YKC8VN1YAZQB&qid=1669733715&sprefix=leader%2Baccessories%2Bboat%2Bsea%2Caps%2C136&sr=1-2-a73d1c8c-2fd2-4f19-aa41-2df022bcb241-spons&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEzSk1RRVVPS1dSTERRJmVuY3J5cHRlZElkPUEwODE4ODA1MTkwRzVEN1lGRjhRJmVuY3J5cHRlZEFkSWQ9QTAzNTIzODIzUFI5OUJEVkk5SFBMJndpZGdldE5hbWU9c3Bfc2VhcmNoX3RoZW1hdGljJmFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ&th=1 a true and correct copy of which is attached to this Complaint as **Exhibit C**.

| Table 1: Comparison of the D’046 Patent with the Accused Product | |
|---|---|
| **D’046 Patent** | **Leader Accessories Portable Folding Marine Fishing Seat Boat Seat** |
|  Fig. 1 |  |
|  Fig. 2 |  |

**Table 1: Comparison of the D'046 Patent with the Accused Product**

| **<u>D'046 Patent</u>** | **<u>Leader Accessories Portable Folding Marine Fishing Seat Boat Seat</u>** |
|---|---|
|  Fig. 3 |  |
|  Fig. 4 |   |

<table>
<tr><th colspan="2">Table 1: Comparison of the D'046 Patent with the Accused Product</th></tr>
<tr><th><u>D'046 Patent</u></th><th><u>Leader Accessories Portable Folding Marine Fishing Seat Boat Seat</u></th></tr>
<tr><td><br>Fig. 5</td><td></td></tr>
<tr><td><br>Fig. 6</td><td></td></tr>
</table>

36. Upon information and belief, Defendant has infringed and continues to infringe the D'046 Patent within the meaning of 35 U.S.C. § 271 at least by selling, offering to sell, and/or importing the Accused Product in the United States without authorization.

37. The overall appearances of the design of the D'047 Patent and the corresponding design of the Accused Product are substantially the same.

38. An ordinary observer will perceive the overall appearances of the design of the D'047 Patent and the corresponding design of the Accused Product to be substantially the same.

39. Table 2 below illustrates Defendant's infringement by comparing figures from the D'047 Patent with exemplary images of the Accused Product.

**Table 2: Comparison of the D'047 Patent with the Accused Product**

| **D'047 Patent** | **Leader Accessories Portable Folding Marine Fishing Seat Boat Seat** |
|---|---|
|  Fig. 1 |  |

| **Table 2: Comparison of the D'047 Patent with the Accused Product** | |
|---|---|
| **D'047 Patent** | **Leader Accessories Portable Folding Marine Fishing Seat Boat Seat** |
|  Fig. 2 |  |
|  Fig. 3 |  |

| Table 2: Comparison of the D'047 Patent with the Accused Product | |
|---|---|
| **D'047 Patent** | **Leader Accessories Portable Folding Marine Fishing Seat Boat Seat** |
|  Fig. 4 |   |
|  Fig. 5 |  |

| **Table 2: Comparison of the D'047 Patent with the Accused Product** | |
|---|---|
| **D'047 Patent** | **Leader Accessories Portable Folding Marine Fishing Seat Boat Seat** |
|  Fig. 6 |  |

40. Upon information and belief, Defendant has infringed and continues to infringe the D'047 Patent within the meaning of 35 U.S.C. § 271 at least by selling, offering to sell, and/or importing the Accused Product in the United States without authorization.

41. In addition to Defendant's infringement of the D'046 Patent and the D'047 Patent, upon information and belief, Defendant is marketing, distributing, offering for sale, and selling goods in interstate commerce that feature a confusingly similar imitation of Millennium's Boat Seat Trade Dress. There are many ways to design a boat seat. However, as depicted below in Table 3, Defendant has chosen to adopt a design for the Accused Products that is likely to cause confusion and to deceive consumers and the public regarding its source.

| **Table 3: Comparison of the Boat Seat Trade Dress with the Accused Product** | |
|---|---|
| <u>**Boat Seat Trade Dress**</u> | <u>**Leader Accessories Portable Folding Marine Fishing Seat Boat Seat**</u> |
|  |  |
|  |  |

<table>
<tr><th colspan="2">Table 3: Comparison of the Boat Seat Trade Dress with the Accused Product</th></tr>
<tr><th><u>Boat Seat Trade Dress</u></th><th><u>Leader Accessories Portable Folding Marine Fishing Seat Boat Seat</u></th></tr>
<tr><td></td><td>
</td></tr>
</table>

42. Millennium used the Boat Seat Trade Dress extensively and continuously before Defendant began using and selling confusingly similar imitations of the Millennium Boat Seat.

43. The Accused Product is similar to and competes with products sold by Millennium, and these products are sold through overlapping channels of trade.

44. The likelihood of confusion caused by Defendant's misappropriation of Millennium's Boat Seat Trade Dress is resulting in irreparable harm to the goodwill symbolized by the Boat Seat Trade Dress and the reputation for quality that it embodies.

45. Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing the Accused Product at the point of sale are likely to mistakenly attribute the product to Millennium. By causing such a likelihood of confusion, mistake, or deception, Defendant is inflicting irreparable harm to

the goodwill symbolized by the Boat Seat Trade Dress, and the reputation for quality that it embodies.

46. Upon information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of the Boat Seat Trade Dress in the Accused Product.

47. On August 11, 2022, counsel for Millennium sent a letter to Rodney W. Kimes, Defendant's Agent for Service of Process, notifying Defendant of the infringement and demanding that Defendant immediately cease and desist from selling or offering to sell the Accused Product. A true and correct copy of the August 11, 2022 letter is attached as **Exhibit D**.

48. On October 28, 2022, after receiving no response from Defendant, counsel for Millennium sent a follow-up letter to Mr. Kimes. A true and correct copy of the October 28, 2022 letter is attached as **Exhibit E**.

49. Defendant has not responded to either the August 11, 2022 or the October 28, 2022 letter, and Defendant continues to sell and offer to sell the Accused Product.

**FIRST CLAIM**

**(Infringement Under 35 U.S.C. § 271 of the D'046 Patent)**

50. Millennium repeats and realleges each of the allegations of the foregoing paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. The D'046 Patent claims a non-functional, ornamental design for a boat seat.

52. The Accused Products are boat seats that embody the design covered by the D'046 Patent and thus infringe the D'046 Patent. As shown in the table in paragraph 35, the Accused Products have appropriated the ornamental design for a boat seat as shown and described in the D'046 Patent.

53. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a boat seat claimed in the D'046 patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing them to purchase Accused Product supposing it to be the design claimed in the D'046 patent.

54. Millennium has not granted a license or any other rights to Defendant to offer for sale, sell, or import the Accused Product.

55. Upon information and belief, Defendant, without authorization from Millennium, has offered for sale, sold, and/or imported in or into the United States, and continues to offer for sale, sell, and/or import into the United States the Accused Product that embodies the design covered by the D'046 Patent. Defendant thus directly infringes the D'046 Patent.

56. By the foregoing acts, Defendant has directly infringed and/or induced infringement of, and continue to so infringe, the D'046 Patent in violation of 35 U.S.C. § 271.

57. Millennium has suffered and will continue to suffer damage due to Defendant's infringement of the D'046 Patent. Thus, under 35 U.S.C. § 289, Millennium is entitled to recover damages adequate to compensate for such infringement, including a recovery of Defendant's total profits derived from its unlawful conduct alleged herein or Millennium's lost profits, but in no event less than a reasonable royalty for infringing the D'046 Patent, together with interest and costs fixed by this Court.

58. The foregoing acts of infringement by Defendant have been willful, intentional, in bad faith, and with knowledge of the D'046 Patent. Such willful and intentional infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and

further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

59. Millennium has been irreparably harmed by Defendant's infringement of the D'046 Patent and will continue to be harmed unless Defendant's infringing conduct is restrained and enjoined by order of this Court.

## SECOND CLAIM

### (Infringement Under 35 U.S.C. § 271 of the D'047 Patent)

60. Millennium repeats and realleges each of the allegations of the foregoing paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. The D'047 Patent claims a non-functional ornamental design for a boat seat.

62. The Accused Products are boat seats that embody the design covered by the D'047 Patent and thus infringe the D'047 Patent. As shown in the table in paragraph 39, the Accused Products have appropriated the ornamental design for a boat seat as shown and described in the D'047 Patent.

63. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a boat seat claimed in the D'047 patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing them to purchase Accused Product supposing it to be the design claimed in the D'047 patent.

64. Millennium has not granted a license or any other rights to Defendant to offer for sale or sell the design embodied in the D'047 Patent.

65. Upon information and belief, Defendant, without authorization from Millennium, has offered for sale, sold, and/or imported in or into the United States, and continues to offer for

sale, sell, and/or import into the United States the Accused Product that embodies the design covered by the D'047 Patent. Defendant thus directly infringes the D'047 Patent.

66. By the foregoing acts, Defendant has directly infringed and/or induced infringement of, and continue to so infringe, the D'047 Patent in violation of 35 U.S.C. § 271.

67. Millennium has suffered and will continue to suffer damage due to Defendant's infringement of the D'047 Patent. Thus, under 35 U.S.C. § 289, Millennium is entitled to recover damages adequate to compensate for such infringement, including a recovery of Defendant's total profits derived from its unlawful conduct alleged herein or Millennium's lost profits, but in no event less than a reasonable royalty for infringing the D'047 Patent, together with interest and costs fixed by this Court.

68. The foregoing acts of infringement by Defendant have been willful, intentional, and in bad faith, and with knowledge of the D'047 Patent. Such willful and intentional infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

69. Millennium has been irreparably harmed by Defendant's infringement of the D'047 Patent and will continue to be harmed unless Defendant's infringing conduct is restrained and enjoined by order of this Court.

## THIRD CLAIM

**(Trade Dress Infringement (15 U.S.C. § 1125(a))**

70. Millennium repeats and realleges each of the allegations of the foregoing paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. The Boat Seat Trade Dress is used in commerce and is not functional. As a result of the widespread use and display of the Boat Seat Trade Dress, the trade dress has acquired distinctiveness and has established secondary meaning to potential purchasers, in that potential purchasers have come to associate the Millennium Boat Seat bearing the overall design of the Boat Seat Trade Dress with a single source.

72. Defendant developed, advertised, and offered for sale a folding, breathable mesh boat seat that uses trade dress that is confusingly similar to the Boat Seat Trade Dress.

73. Defendant's use of the Boat Seat Trade Dress in connection with the Accused Product is likely to confuse, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Millennium.

74. Defendant chose to use the trade dress of the Accused Product with knowledge of Millennium's prior use of and rights in the well-known and distinctive Boat Seat Trade Dress. Upon information and belief, Defendant has used the Accused Product in commerce with the intent to cause confusion, to cause mistake, or to deceive.

75. Defendant's actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76. Due to Defendant's actions constituting trade dress infringement, Millennium has suffered and continues to suffer great and irreparable injury, for which Millennium has no adequate remedy at law.

## FOURTH CLAIM

### (Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

77. Millennium repeats and re-alleges the allegations of the foregoing paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. Defendant's use of the infringing trade dress on the Accused Product without Millennium's consent constitutes a false designation of origin and a false representation as to the origin of Defendant's goods, is likely to cause confusion, mistake, or deception as to the source of the Accused Product, and is likely to create the false impression that the Accused Product is authorized, sponsored, endorsed, licensed by, or affiliated with Millennium in violation of 15 U.S.C. § 1125(a).

79. Upon information and belief, Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations, and with the express intent to cause confusion, to cause mistake, or to deceive the purchasing public.

80. Defendant's use of the infringing trade dress without Millennium's consent constitutes unfair competition with Millennium, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81. On information and belief, Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's false designation of origin and unfair competition in an amount that is not presently known to Millennium. By reason of Defendant's actions, constituting false designation of origin and unfair competition, Millennium has been damaged and is entitled to monetary relief in an amount to be determined at trial.

82. Due to Defendant's actions constituting false designation of origin and unfair competition, Millennium has suffered and continues to suffer great and irreparable injury, for which Millennium has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Millennium respectfully requests that the Court award Millennium the following relief:

1. A declaration that the D'046 Patent and the D'047 Patent are deemed valid and willfully infringed by Defendant under 35 U.S.C. § 271;

2. An order temporarily, preliminarily, and permanently enjoining and restraining Defendant, its agents, and anyone working for, in concert with or on behalf of Defendant from directly or indirectly infringing the D'046 Patent and the D'047 Patent;

3. A declaration that Defendant has infringed Millennium's Boat Seat Trade Dress;

4. An order temporarily, preliminarily, and permanently enjoining and restraining Defendant, its agents, and anyone working for, in concert with or on behalf of Defendant from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product (including, but not limited to, the Accused Product) that infringes Millennium's Boat Seat Trade Dress;

5. An order temporarily, preliminarily, and permanently enjoining and restraining Defendant, its agents, and anyone working for, in concert with or on behalf of Defendant from engaging in any act of unfair competition utilizing any trade dress that is identical or confusingly similar to Millennium's Boat Seat Trade Dress;

6. An order directing an accounting to determine Defendant's profits resulting from its unlawful activities;

7. An order requiring Defendant to pay Millennium compensation for any and all damages, injury, or harm pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

8. An order requiring Defendant to pay Millennium full restitution and/or disgorgement of all profits, including any lost profits, and benefits that may have been obtained by Defendant as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

9. An order requiring Defendant to pay Millennium treble damages resulting from Defendant's willful and intentional conduct pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §§ 284 and 289;

10. A determination that this action is an exceptional case warranting an award to Millennium of the attorneys' fees and costs incurred by Millennium in connection with this action pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285;

11. An order requiring Defendant to pay Millennium supplemental damages or profits for any continuing post-verdict infringement up until entry to the final judgment, with an accounting, as needed;

12. An order requiring Defendant to pay Millennium pre-judgment and post-judgment interest on any damages or profits awarded and all costs of this action; and

13. Such further and additional relief as the Court deems just and proper.

## **JURY DEMAND**

Millennium hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 15, 2023

Respectfully submitted,

By: *s/ Jennifer L. Gregor*

Jennifer Gregor
GODFREY & KAHN S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: 608.284.2629
Facsimile: 608.257.0609
Email: jgregor@gklaw.com

Jake Gipson (Ala Bar No. asb-4448-w03v)
(*pro hac vice* motion forthcoming)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8678
Email: jgipson@bradley.com

Angela Holt (Ala Bar No. asb-2103-a52h)
(*pro hac vice* motion forthcoming)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
Telephone: (256) 517-5170
Email: aholt@bradley.com

*Counsel for Plaintiff Millennium Outdoors, LLC*

28792912.