IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLENNIUM OUTDOORS, LLC,

                      Plaintiff,

v.

LEADER ACCESSORIES LLC,

                      Defendant.

OPINION and ORDER

23-cv-106-jdp

---

Plaintiff Millennium Outdoors, LLC moves for partial default judgment on its claims for patent and trademark infringement and violations of the Lanham Act against Leader Accessories LLC. Dkt. 12. Specifically, Millennium seeks judgment in its favor on liability and its entitlement to attorney's fees, a permanent injunction preventing further infringement, and leave to obtain third-party discovery from Amazon.com, Inc. to calculate its damages. It says that it will move for default judgment on the amount of damages and attorney's fees after conducting discovery. The court will not take the piecemeal approach.

The court will grant Millenium's request to serve a subpoena on Amazon.com. But the motion for partial default judgment will be denied without prejudice in all other respects. Millennium may renew its motion for default judgment after it has ascertained the amount of its damages and fees and files supplemental materials addressing the issues described in this order.

BACKGROUND ALLEGATIONS

Millennium owns two registered patents and the trade dress for a folding, breathable mesh boat seat. At least as early as February 2022, Leader Accessories began selling an

infringing seat on Amazon.com. On August 11, 2022, counsel for Millennium sent a letter to Leader's agent for service of process, notifying Leader of the infringement and demanding that it immediately cease and desist from selling or offering to sell the accused product. Counsel for Millennium sent a follow-up letter on October 28, 2022. Leader did not respond to either letter. So Millennium filed this action on February 15, 2023, and served Leader's registered agent on February 24. On Millennium's motion, the clerk of court entered default against Leader Accessories on April 3, 2023.

## ANALYSIS

Millennium moves for partial default judgment because it is not yet able to calculate its damages and fees. But, for efficiency, the court will not set a hearing or enter a partial default judgment until all relevant evidence is in the record.

To ascertain its damages, Millennium seeks leave to serve a subpoena on Amazon.com, requesting documents showing the following: (1) the dollar amount and number of units for all sales of the accused product on the Amazon.com website to consumers in the United States; (2) the first and last sale of the accused product by Leader Accessories or a third-party; (3) the number of units of the accused product provided by Leader Accessories to Amazon.com; and (4) all communications between Amazon.com and Leader Accessories relating to the accused product. *See* Dkt. 13-1. The court finds the request reasonable and will allow this limited discovery related to damages.

In addition, Millennium must address three issues before the court sets a hearing and rules on a motion for default.

First, Millenium must submit evidence that establishes this court's basis for exercising personal jurisdiction over Leader Accessories in Wisconsin. A court may exercise personal jurisdiction if the plaintiff shows two things: (1) the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; and (2) the plaintiff's alleged injury arose out of the defendant's forum-related activities. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). A court also may exercise personal jurisdiction over a defendant if the defendant's contacts with the forum state are so "systematic and continuous" that the defendant could be considered at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Defects in personal jurisdiction are not waived by a failure to answer the complaint. *See Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996). Millennium's complaint alleges generally that Leader Accessories has its principal place of business in Beloit, Wisconsin and "has committed acts of infringement and maintains at least one regular and established place of business in the Western District of Wisconsin." Dkt. 1, at ¶¶ 10-11. But the complaint fails to identify any specific sales Leader Accessories made to Wisconsin residents or other contacts with Wisconsin that would establish personal jurisdiction.

Second, Millennium must submit a proposed injunction if it wants the court to award injunctive relief.

Third, if Millennium wishes to be awarded fees, it should submit a fee petition that complies with this court's procedures, which are available on page 38 of the court's standard attachments. *See* https://www.wiwd.uscourts.gov/judge-specific-procedures.

After Millennium completes discovery and compiles the above information, it may file a motion for default judgment. Unless Leader Accessories makes an appearance in the case,

Millennium must serve all of its filings on Leader Accessories and file a certificate of service with the court.

ORDER

IT IS ORDERED that plaintiff Millennium Outdoors, LLC's motion for partial default judgment, a permanent injunction, and leave to obtain third-party discovery, Dkt. 12, is GRANTED IN PART and DENIED IN PART:

1. Plaintiff's motion for leave to file a third-party subpoena on Amazon.com is GRANTED.

2. Plaintiff's remaining requests for a partial default judgment and a permanent injunction are DENIED WITHOUT PREJUDICE. Plaintiff may renew its motion for default judgment and a permanent injunction after the completion of discovery. Any new motion must include supplemental materials that address the issues raised in this order and be served on defendant.

3. Plaintiff should file its renewed motion for default judgment by September 25, 2023. Plaintiff may request an extension of this deadline for good cause.

Entered July 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge