IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLENNIUM OUTDOORS, LLC,

                              Plaintiff,

  v.

LEADER ACCESSORIES LLC,

                              Defendant.

OPINION and ORDER

23-cv-106-jdp

---

Plaintiff Millennium Outdoors LLC alleges that defendant Leader Accessories LLC infringed its design patents and trade dress in a folding boat seat. Leader Accessories did not respond to Millennium Outdoors's complaint; the clerk has entered default. Dkt. 11.

Leader Accessories moves to set aside the entry of default. Dkt. 22. Leader Accessories has not shown good cause for its months-long failure to respond, despite Millennium Outdoors's diligent efforts to communicate with it. The court concludes that default judgment is an appropriate result of Leader Accessories's failures, and thus there is not good cause to set aside the default. The court will set a conference with the parties to determine how to resolve the questions of damages and other remedies.

BACKGROUND FACTS

The court draws the following facts from the filings in the case, particularly the declarations filed by the parties. The court will grant Millennium Outdoors's motion to submit a surreply. Dkt. 33.

Leader Accessories is a Wisconsin domestic limited liability company under Wisconsin's Uniform Limited Liability Company Law, Wis. Stat. Ch. 183. When this suit was filed in

February 2023, Leader Accessories's registered agent for service of process was Rodney W. Kimes, an attorney in Beloit, and its principal office was 2820 South Prairie Avenue, Unit A, Beloit, Wisconsin. Dkt. 28-1. Leader Accessories has since changed its agent for service of process to Zhixiong Chen, at the South Prairie Avenue, Beloit address. Its principal office remains at 2820 South Prairie Avenue, Beloit.

In October 2022, Millennium Outdoors sent a cease-and-desist letter to Leader Accessories at its principal office in Beloit, demanding that Leader Accessories stop infringing the design of its folding boat seat. All information about Leader Accessories's response to the cease-and-desist letter and to this lawsuit is in a declaration from Matthew Wu, who identifies himself as "sales director" of Leader Accessories. Dkt. 24. Wu purports to speak for Leader Accessories, but he apparently works in Xiamen, China. Wu does not explain what part of Leader Accessories's operations are in China, but his declaration implies that the Beloit facility is merely a warehouse.

Wu concedes that Leader Accessories's management received the cease-and-desist letter in October 2022, and that Leader Accessories intentionally declined to respond to it at the time, opting to wait until its own design patent application was prosecuted. Dkt. 24, ¶¶ 6–8.

Millennium Outdoors filed this lawsuit on February 15, 2023. On February 24, 2023, it properly served Leader Accessories by serving its registered agent, attorney Kimes, at his registered office in Beloit. Dkt. 5 (affidavit of service). Millennium Outdoors's counsel also mailed a copy of the affidavit of service to Kimes's law office. That mailing was returned as undeliverable. Counsel followed up with a letter informing Leader Accessories about the lawsuit, with a copy of the affidavit of service, to three locations: Kimes's other law office in Illinois, Kimes's email address, and Leader Accessories's principal office on Prairie Avenue in

Beloit. Millennium Outdoors's counsel received certified mail confirmation that the mailing (the letter and affidavit of service) was received at Leader Accessories's principal office on South Prairie Avenue, Beloit. Wu acknowledges that Leader Accessories received documents about Millennium Outdoors's patents and trade dress by email from its prior counsel on February 16, 2023. Dkt. 24, ¶ 11. But Wu doesn't attach copies of the documents or even specifically identify them. Wu also acknowledges that Leader Accessories management received documents from its principal office in Beloit in March 2023. Dkt. 24, ¶ 13. Again, Wu doesn't attach the documents or identify them. But Wu says that Leader Accessories believed them to be "a continuation of the cease-and-desist letter."

At the end of March, Millennium Outdoors moved for entry of default against Leader Accessories. Dkt. 8. Millennium Outdoors served its motion on Leader Accessories by mailing it to Kimes at his Beloit law office (he was then still Leader Accessories's agent for service of process), with copies to Leader Accessories at the Beloit principal office, and to Kimes's Illinois law office. Dkt. 10. The clerk of court entered default on April 3, 2023. Dkt. 11.

Millennium Outdoors moved for partial default judgment on May 15, 2023. Dkt. 12. Again, Millennium Outdoors served its motion on Leader Accessories by mailing it to Kimes at his Beloit law office, with copies to Leader Accessories's principal office in Beloit, and to Kimes's Illinois law office. Dkt. 16.

Wu says that Leader Accessories started looking for counsel to respond to Millennium Outdoors's cease-and-desist letter after its own boat seat design patent issued on August 1, 2023. Dkt. 24, ¶ 14. Wu says that Leader Accessories received the motion for default judgment from its "warehouse workers" on August 9, 2023. *Id.* ¶ 15.

Leader Accessories's current counsel, lawyers from the Bayramoglu Law Offices, don't say when they were engaged by Leader Accessories. But they tried to contact counsel for Millennium Outdoors on August 15, 2023, in hopes of gaining Millennium Outdoors's consent to set aside the default. Millennium Outdoors did not consent; this motion followed.

Additional facts will be set out in the analysis section.

ANALYSIS

Leader Accessories moves to set aside the entry of default as provided in Federal Rule of Civil Procedure 55(c). A party seeking to vacate an entry of default must show three things: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (*citing Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994)). Courts favor resolution on the merits, so the standard is applied liberally. *Id.* Whether to set aside a default is a matter for the court's discretion, which requires the court to consider whether default judgment is an appropriate sanction for the conduct that led to the default. *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

A. Leader Accessories's default and its response

    1. Reasons for the default

Leader Accessories contends that it defaulted because it didn't know about the lawsuit. And that's because its agent for service of process didn't tell Leader Accessories about it, and no one at its "warehouse" sent the papers from Millennium Outdoors to Leader Accessories's management.

The court begins with some context about the legal status of defendant, Leader Accessories. Leader Accessories is a Wisconsin domestic limited liability company. That means that it is organized under and governed by the laws of Wisconsin. Wis. Stat. § 183.0102(4c). Wisconsin law requires a limited liability company to designate and maintain a registered agent with a registered office in the state of Wisconsin. Wis. Stat. § 183.0115. To complete its registration as a domestic limited liability company, Leader Accessories also had to designate its principal office, which is "the principal executive office of a limited liability company or foreign limited liability company, whether or not the office is located in this state." Wis. Stat. § 183.0102(16). So the facility on South Prairie Avenue in Beloit is not just a warehouse, as Wu implies, it is what Leader Accessories itself identified as its *principal executive office*. A limited liability company's principal office is also the alternative place of serving process, notice, or demand, if the registered agent cannot be served. Wis. Stat. § 183.0119(2). Millennium Outdoors properly served the summons and complaint on Leader Accessories's registered agent at his registered office. Millennium Outdoors also sent confirming information about the suit by certified mail to the facility on South Prairie Avenue in Beloit. Leader Accessories cannot simply disavow information that was provided to the place that that Leader Accessories had identified as its principal executive office.

There's another corporate organization problem lurking in the Wu declaration. Wu says that Leader Accessories was waiting to find out the fate of its own design patent application, which ultimately issued as U.S. Patent No. D993,649 S. But that patent issued to Easepal Enterprises Limited. Leader Accessories identifies "Easepal" as an "affiliate," Dkt. 23 (Leader Accessories corporate disclosure statement), but no one explains the relationship between the two companies. It matters here because Wu needs to offer a persuasive explanation of the

5

breakdown in communication among its agent for service of process, the staff at its principal office in Beloit, and the apparent decisionmakers for Leader Accessories in China. It appears that Wu does not distinguish between Leader Accessories and Easepal Enterprises. Wu doesn't explain the basic facts about who runs the company and from where, why the Beloit facility was designated as the principal office, and who actually works there. If Wu can't explain the corporate organization, he can't provide a persuasive explanation for how Leader Accessories's management was not informed of this lawsuit.

Wu says that its agent for service of process failed to provide any documents about the suit to Leader Accessories. Dkt. 24, ¶ 5. But Wu doesn't explain how he could know this. It would be attorney Kimes who could explain that he neglected to send the documents, but there's no declaration from Kimes. Wu doesn't say that Leader Accessories attempted to contact Kimes, but was unable to. If Leader Accessories had a reasonable correspondence tracking system, the absence of any record of correspondence about this suit might be persuasive. But Wu doesn't explain anything about how Leader Accessories manages its legal correspondence. Ultimately, the point is not highly material because Leader Accessories is accountable for the actions of its registered agent. *Sims*, 475 F.3d at 869. "Penalizing the litigant, who can shift costs to the agent in turn, is the best way to ensure that the agent takes adequate care." *Id.*

Wu also says that it was going through administrative dissolution when the complaint was served. Dkt. 24, ¶¶ 3–4. That's simply no excuse. The administrative dissolution is a process effectuated by the Wisconsin Department of Financial Institutions against business entities that do not meet their filing and fee obligations. The dissolution process does not terminate the authority of its registered agent. Wis. Stat. § 183.0708(5). Administrative

6

dissolution terminates the company's authorization to do business, *Id.* § 183.0708(4), but it does not relieve the entity of any of its legal obligations. The administrative dissolution does not help Leader Accessories. To the contrary, it's further evidence of Leader Accessories's flouting its obligations as a Wisconsin limited liability company.

Mistakes happen. Even a reasonably diligent and responsible company may fail to respond to a lawsuit through genuine inadvertence. But that's not what happened here. Wu's declaration concedes that company management sometimes got documents from its staff at its principal office in Beloit. But the declaration fails to establish that Wu has a foundation of personal knowledge for his claim that the registered agent failed to send the summons and complaint to the company, or the claim that the management of Leader Accessories did not get copies of the summons and complaint, or that Leader Accessories's management did not know about the suit until it saw the motion for default judgment in August.

The court concludes that Leader Accessories has not shown good cause for its default.

2. **Timing of corrective action**

Nor is the court persuaded that Leader Accessories took quick action to correct its default. Leader Accessories moved promptly after August 9, 2023. But the court is not persuaded that that's when Leader Accessories knew about the suit. Defendant was properly served with the summons and complaint, and the court is not persuaded that Kimes did not pass those documents on to Leader Accessories. Wu acknowledges receiving documents concerning the dispute with Millennium Outdoors in February and March of 2023, dates that roughly coincide with court events. The court is not persuaded that these documents did not contain information about the lawsuit.

7

Leader Accessories's response to the complaint was due March 17, 2023. It did not contact Millennium Outdoors about the suit until August 15, 2023, about five months later. The court is not persuaded that Leader Accessories took quick action to cure the default.

### 3. Merit of defenses

Leader Accessories says that its defenses are set out in its answer and counterclaims. Dkt. 22-3. The affirmative defenses are boilerplate without factual development; the counterclaims simply ask for declarations that are mirror-images of Millennium Outdoors's claims. The substance of the defenses are that Leader Accessories denies infringement and challenges the validity of the patents and trade dress. Based on the court's first review of the pleadings, these are defenses with arguable merit. But at this point, the non-infringement contentions are little more than undeveloped denials. And the challenges to validity are essentially mere conclusions. The court would have expected a more robust showing of merit in support of the motion to set aside the default.

The court concludes that Leader Accessories has not made the three-part showing that would demonstrate good cause for the default, quick action to correct it, and a meritorious defense.

**B.    Whether to set aside the default**

Despite Leader Accessories's failure to justify its default, the court must still decide whether refusing to set aside the default is an appropriate response to Leader Accessories's conduct. Sometimes a default judgment is simply too harsh a sanction for a defendant's failure to timely respond to the complaint. *Sims*, 475 F.3d at 868.

This is not a case like *Sims*, where the defaulting defendant faced a $31 million damages award. Here, as a result of the default, Leader Accessories will forfeit its defenses on the merits, but it will be able to defend against Millennium Outdoors's claim for damages.

The court concludes that Leader Accessories has not acted as a responsible corporate citizen. It is responsible for any dereliction by its agent for service, and it misled Millennium Outdoors (and the general public) about the location of its principal office, which is apparently not really in Beloit, Wisconsin.

Leader Accessories was under no legal obligation to respond to Millennium Outdoors's cease-and-desist letter. But that letter provided substantive background information about Millennium Outdoors's potential claims that would have alerted any reasonable company to a potential lawsuit. Millennium Outdoors properly served the summons and complaint, and then diligently followed up to provide Leader Accessories with actual knowledge of the suit and its progress to the place that Leader Accessories had identified as its principal executive office. Millennium Outdoors did all it could to give Leader Accessories the opportunity to step up and defend itself. But it did not. And now Leader Accessories offers only vague and unsupported allegations to shift the blame to its agent for service of process, to its employees in Beloit, and even to Millennium Outdoors. Dkt. 32 at 6 ("Had Plaintiff researched the addresses to which it was sending documents, it would have discovered that a warehouse sits at 2820 Prairie Avenue, Unit A, Beloit Wisconsin 53511.").

The court sees no injustice in denying Leader Accessories's motion to set aside the default.

C. **Next steps**

The court will order the parties to submit a joint status report that sets out a damages discovery plan and a schedule for resolving the damages issues. The status report should also include a proposal for the type of hearing needed and the expected length of the hearing. The parties should set out their competing proposals for any points of disagreement. The court will set a scheduling conference after it gets the joint status report.

ORDER

IT IS ORDERED that:

1. Millennium Outdoors' motion for leave to file a surreply, Dkt. 33, is GRANTED.

2. Leader Accessories' motion to set aside the entry of default, Dkt. 22, is DENIED.

3. The parties are to submit a joint status report by August 9, 2024. The court will set a scheduling conference after it reviews the joint report.

Entered July 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge