IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLENIUM OUTDOORS, LLC,

               Plaintiff,

v.                                                                    OPINION and ORDER

LEADER ACCESSORIES, LLC, and                       23-cv-106-jdp
EASEPAL ENTERPRISES LIMITED,

               Defendants.

---

Plaintiff Millenium Outdoors, LLC, sued defendant Leader Accessories, LLC, for infringing various intellectual property rights in February 2023. *See generally* Dkt. 1. Leader failed to answer Millennium's complaint, and the clerk entered default against Leader on April 3, 2023. Dkt. 11. After failed settlement talks, Leader filed a motion to set aside the default. Dkt. 22. That effort failed after the court found, among other things, that Leader "has not shown good cause for its months-long failure to respond" and "has not acted as a responsible corporate citizen." Dkt. 35 at 1, 9. The court ordered the parties to proceed with resolving the issue of remedies and set a schedule for doing so on October 4, 2024. Dkt. 41. Under that schedule, fact discovery closes on April 4, 2025, expert disclosures commence in May 2025, and a bench trial is scheduled for November 13, 2025. Dkt. 43.

Months later, in December 2024, EasePal Enterprises Limited filed a motion to intervene, which is still pending. Dkt. 46. EasePal holds itself out as a "direct competitor" of Millenium's who has an interest in the resolution of this lawsuit. Dkt. 63 at 2. EasePal does little to explain this interest, but there is evidence that it shares common ownership, employees, and legal counsel with Leader. *See* Dkt. 55. Leader and EasePal now move to stay the case

pending the resolution of EasePal's motion to intervene.  Dkt. 62.  For the reasons below, this motion is DENIED.

ANALYSIS

The court has the power to stay cases before it incidental to its inherent power to control its docket.  *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). That power, however, is not boundless. The decision requires balancing the interests favoring a stay against the interests frustrated by the action, while keeping in mind the court's duty to exercise jurisdiction in a timely manner.  *Id.*  To that end, courts consider four factors when deciding whether to stay an action:

> (1) whether the litigation is at an early stage, (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (3) whether a stay will simplify the issues in question and streamline the trial, and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Id.* (citations omitted).

Here, movants argue that a stay is appropriate because it will simplify issues by avoiding duplicative discovery if the motion to intervene is granted.  Dkt. 62 at 5.  Specifically, they argue that expert reports and depositions associated with any dispute between Millennium and EasePal would be most efficiently completed in conjunction with discovery in this case.  In support, they note that discovery has only been ongoing for three months.  *Id.* at 5–7.

In response, Millennium argues that (1) the case is beyond an early stage with only damages left, (2) granting a stay would prejudice it by delaying its pursuit of injunctive relief, (3) the issues would not be streamlined because EasePal would be brining entirely new issues into this nearly-complete case, and (4) because the issues will not be streamlined, the stay would not reduce the burden on the parties or the court.  Dkt. 63 at 2.

Movant's arguments are unpersuasive, and the court finds that none of the four factors weigh in favor of a stay.

*First,* the case is not at an early stage.   Indeed, it has been pending for two years. Liability has already been determined, and only damages remain to be litigated.  Dkt. 35 at 10. Even crediting movant's characterization of the schedule, discovery into the damages issues is already halfway done.

*Second*, a stay would unfairly prejudice Millenium at this juncture because it would delay its pursuit of injunctive relief.

*Third*, no issues would be simplified by granting the stay; rather, they would multiply. Again, the liability issues in this case are closed.  Yet, EasePal seeks to intervene and put liability back in play, meaning there are no efficiencies to be gained as far as discovery is concerned. Moreover, Millenium's damages case against Leader would persist regardless of the stay.

*Finally*, because the stay would not simplify things, but complicate them, it would not reduce the burdens associated with this case for anyone, including the court.

The party seeking the stay bears the burden of showing that the factors and any other circumstances justify the court doing so.  *Grice Eng'g,* 691 F. Supp. 2d at 920.  Because movants have failed to carry that burden, the court DENIES their motion to stay, Dkt. 62.  The case shall proceed in accordance with the schedule currently ordered.

IT IS ORDERED.

Entered February 6, 2025.

BY THE COURT:

/s/
_____
ANITA M. BOOR
Magistrate Judge

3