IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLENNIUM OUTDOORS, LLC,

                              Plaintiff,

  v.

LEADER ACCESSORIES LLC,

                              Defendant.

OPINION and ORDER

23-cv-106-jdp

---

Plaintiff Millenium Outdoors, LLC is suing Leader Accessories LLC for manufacturing and selling boat seats that infringe two of Millenium Outdoors' design patents and its trade dress. The clerk of court entered default against Leader Accessories in April 2023, Dkt. 11, and the court denied Leader Accessories' motion to set aside the default in July 2024, Dkt. 35. A bench trial on damages is scheduled for November 2025.

An entity called EasePal Enterprises Limited moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). EasePal says that the seats Leader Accessories sells are the embodiment of a design patent that EasePal owns and that it is entitled to intervene because Millenium Outdoors is planning on asking the court to include EasePal in any injunction against Leader Accessories, so EasePal will not be able to manufacture its boat seats or license its patent if Millenium Outdoors prevails. The court will deny the motion because EasePal waited many months to intervene after it learned that its interests could be adversely affected by this case, allowing EasePal to intervene now would derail the case, and any prejudice to EasePal is speculative.

ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure provides the standards governing a motion to intervene. There are two types of intervention: intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b). EasePal seeks only intervention as of right, so the court will not consider permissive intervention.

A proposed intervenor must show four things to intervene as of right: (1) the motion is timely; (2) the proposed intervenor has a "direct, significant and legally protectable interest" in the subject at issue in the lawsuit; (3) the interest may be impaired if the motion is denied; and (4) the existing parties do not adequately represent the interest. *Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 686 (7th Cir. 2023); *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). A failure to show any one of these elements means that the court must deny the motion to intervene. *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985). The court will deny the motion as untimely.

In determining whether a motion is timely, the primary question is how long the intervenor waited to intervene after it knew or had reason to know that its interests might be adversely affected by the outcome of the litigation. *See CE Design Ltd. v. King Supply Co.*, 791 F.3d 722, 726 (7th Cir. 2015). But in evaluating that question, the court also considers other equitable factors, including the potential prejudice that granting or denying the motion could have on both the existing parties and the intervenor. *See Lopez-Aguilar v. Marion Cnty. Sheriff's Department*, 924 F.3d 375, 388 (7th Cir. 2019). So the timeliness element overlaps with other elements in the Rule 24(a)(2) analysis.

EasePal's motion is untimely, and there are no equitable factors that would excuse the delay. EasePal waited *22 months* after the case was filed to bring its motion, and EasePal does not dispute Millenium Outdoors' assertion that EasePal has known about this case since it was filed and known that Millenium Outdoors wanted to include EasePal in any injunctive relief since its August 2023 settlement demand. Dkt. 52-3. As noted in the order denying Leader Accessories' motion to set aside the default, the parties have not described the nature of the relationship between Leader Accessories and EasePal. Dkt. 35, at 5. But Leader Accessories acknowledged that EasePal was an "affiliate," *id.*, and the two entities share the same counsel. Further, in its motion to intervene, EasePal bases its argument of prejudice on confidential settlement negotiations and discovery documents between the parties. In the absence of any evidence to the contrary, it is reasonable to infer that Leader Accessories and EasePal have been in close communication throughout this lawsuit, so EasePal was aware of both court filings and the content of the parties' settlement negotiations.

Instead of alleging that it was ignorant of its interest in this case, EasePal cites *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, which stated that timeliness under Rule 24 is measured based "on the date the person attempting to intervene should have been aware his interests would no longer be protected adequately by the parties, rather than the date the person learned of the litigation." 934 F.2d 1092, 1095 (9th Cir. 1991) (internal quotation marks and alterations omitted). EasePal says that it did not learn that Leader Accessories was an inadequate representative until December 3, 2024, which EasePal says in its brief was the

date of a failed mediation between Leader Accessories and Millennium Outdoors. Dkt. 46, at 7–8.[1]

The view articulated in *Officers for Justice* is consistent with Supreme Court precedent such as *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279–80 (2022), which held that a motion to intervene was timely when it was filed shortly after the intervenor learned that none of the parties were going to appeal a decision that was adverse to the interests of the intervenor. But a proper application of these cases does not support EasePal's motion. Again, it is reasonable to infer that EasePal was aware of all the developments in this case. As of April 2023, the clerk of court had entered default judgment against Leader Accessories. Dkt. 11. As of July 2024, the court had denied Leader Accessories' motion to set aside the default. Dkt. 35. Either one of these events gave EasePal notice that Leader Accessories was not an adequate representative. EasePal was not entitled to sit on the sidelines in the hope that Leader Accessories could negotiate a settlement after defaulting.

Accepting EasePal's logic would allow a party to wait until a lawsuit was resolved to intervene: if the intervenor's side lost, that would show that the existing parties were not adequate representatives. But the purpose of Rule 24 is not to give third parties a back-up plan if the lawsuit does not turn out the way they hoped. "[P]otential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994)). EasePal failed to do that in this case.

---

[1] The brief cites counsel's declaration for this allegation, Dkt. 48, ¶ 4, but the declaration provides no details about the settlement discussion or the date it occurred. The court will assume that the allegation in the brief is true because it makes no difference to the outcome of the litigation.

*Turney v. City of Mellen* is instructive. 344 F.R.D. 461 (W.D. Wis. 2023). In that case, the plaintiffs sued the city under the Takings Clause for deeming their driveway to be a public road. *Id.* at 462. The parties later settled the case when the plaintiffs agreed to grant the city an easement, and the court dismissed the case. *Id.* An energy company then moved to intervene, contending that it had acquired an interest in the driveway so that the company could re-route an oil and gas pipeline over the driveway, and the parties' settlement jeopardized that plan. *Id.* at 463. The court denied the motion as untimely, noting that the city had informed the company several months before the settlement that the city had "concerns about the viability of its defense." *Id.* at 466. That was enough to provide notice of inadequacy because certainty is not required before the duty to intervene is triggered. *Id.*; *see also Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (affirming denial of motion when intervenor waited until after a settlement to seek intervention).

The facts in this case point even more decisively toward a finding of untimeliness. It is reasonable to infer that EasePal knew as soon as Leader Accessories defaulted in April 2023 that Leader Accessories may not be an adequate representative and that EasePal knew in August 2023 that Millenium Outdoors may wish to include EasePal in any request for injunctive relief. Perhaps these events did not show with certainty that EasePal's interests would be affected by this case and that Leader Accessories was an inadequate representative. But as discussed in *Turney*, certainty is not required: "[T]he court of appeals has made clear that it measures timeliness 'from when the applicant has reason to know its interests might be adversely affected, not from when it knows for certain that they will be.'" 344 F.R.D. at 466 (quoting *State v. City of Chicago*, 912 F.3d 979, 981 (7th Cir. 2019)). Under this circuit's standard, EasePal has no reasonable excuse for waiting so long to seek intervention.

As for the relative prejudice to the parties, it is clear that granting the motion to intervene would unfairly prejudice Millennium Outdoors. This case was filed in February 2023; default was established no later than July 2024. Allowing EasePal to intervene now would require the court to cancel the November 2025 bench trial on damages and reset the entire schedule to allow EasePal to conduct discovery and assert defenses to infringement. In essence, nearly everything that has happened in the case to date would be wasted effort. "[T]he most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Lopez-Aguilar*, 924 F.3d at 389–90 (internal quotation marks omitted). So the prejudice to Millenium Outdoors weighs heavily in favor of denying the motion to intervene.

The potential prejudice to EasePal is much less clear. EasePal says that it believes that Millenium Outdoors is going to ask the court to include EasePal in an injunction against Leader Accessories. Even if that is true, injunctions generally name only the parties to the case. *See Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 766–67 (7th Cir. 2007). In its opposition brief, Millenium Outdoors says that EasePal may be "bound by the injunction by virtue of its relationship with" Leader Accessories, citing Federal Rule of Civil Procedure 65(d)(2). Dkt. 55, at 16. That provision states that an injunction binds not just the defendant, but also the defendant's "officers, agents, servants, employees, and attorneys" and "other persons who are in active concert or participation" with those people or the defendant.

Neither party has adduced evidence or argument showing that EasePal would be covered under Rule 65(d)(2) if the court were to enter an injunction against Leader Accessories. As already discussed, the relationship between EasePal and Leader Accessories is unclear. So EasePal's argument is speculative. If Millenium Outdoors does seek to bind EasePal under

6

Rule 65(d)(2), EasePal will be entitled to notice and an opportunity to be heard. *Lake Shore Asset Mgmt*, 511 F.3d at 766–67. And Millenium Outdoors would have to show that EasePal aids or abets Millenium Outdoors in infringing or that EasePal and Leader Accessories are in privity with each other, meaning that they are so closely related that it "would be reasonable to conclude that [EasePal's] rights and interests have been represented and adjudicated in the original injunction proceeding." *National Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. National Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 848–49 (7th Cir. 2010). EasePal cannot be enjoined based on its independent conduct: "The courts . . . may not grant . . . an injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945).

The bottom line is that allowing EasePal to intervene now would unfairly prejudice Millenium Outdoors, and EasePal has not shown that its delay in seeking intervention sooner was justified or that denying intervention will unfairly prejudice EasePal. The court will deny EasePal's motion to intervene.

One final point. As already noted, this case is scheduled for a bench trial in November 2025. The court is in the process of revising its bench trial procedures. In the meantime, the parties should follow the court's procedures on *jury* trials, with the following exceptions: (1) no proposed voir dire, jury instructions or special verdict forms are necessary; and (2) on the day motions in limine are due, the parties should submit a trial brief that includes the following: (a) any stipulated facts; (b) a summary of facts the party needs to prove; (c) points of law important to the party's position; and (d) issues the party wants the court to decide in its favor. No proposed findings of fact are necessary.

ORDER

IT IS ORDERED that the motion to intervene filed by EasePal Enterprises Limited, Dkt. 46, is DENIED.

Entered August 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge