IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILLENIUM OUTDOORS, LLC,

                              Plaintiff,

   v.

LEADER ACCESSORIES, LLC,

                              Defendant.

OPINION and ORDER

23-cv-106-jdp

---

Plaintiff Millenium Outdoors LLC asserts that defendant Leader Accessories LLC infringed its design patents and trade dress in a folding mesh boat seat. The clerk of court entered default against Leader Accessories in April 2023, Dkt. 11, and the court previously denied Leader Accessories' motion to set aside the default. Dkt. 35. A bench trial on damages is set for November 13, 2025. This order addresses the parties' motions in limine, Dkt. 74 and Dkt. 75, ruling on some issues and reserving other issues for further discussion at the final pretrial conference.

ANALYSIS

A.  **Millenium Outdoors' motion in limine**

Millenium Outdoors seeks to exclude Leader Accessories from introducing evidence or arguing that its design patents and trade dress are invalid, unenforceable, or otherwise unprotected.  Dkt. 75. Millenium Outdoors contends that such evidence is irrelevant because liability for design patent and trade dress infringement has already been established by Leader Accessories' default.

The court will grant the motion in limine. In the context of a default judgment, the district court must accept as true all facts alleged by the plaintiff and all reasonable inferences contained therein. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). The Seventh Circuit follows the rule that "the well-pleaded allegations of the complaint relating to liability are taken as true" and "only those relating to the amount of damages suffered must be proved." *Id.* In this case, the court must accept as true all facts alleged by Millenium Outdoors related to the validity and enforceability of its design patents and the protectability of its trade dress. The court could not consider any evidence introduced by Leader Accessories that contradicts these facts, so that evidence will be excluded.

Leader Accessories argues that evidence that the asserted trade dress is non-distinctive or functional or that there is no likelihood of confusion between the parties' products is relevant to Millenium Outdoors' requested relief, specifically its request for a permanent injunction against Leader Accessories. To obtain a permanent injunction, Millenium Outdoors must demonstrate: (1) that it has suffered an irreparable injury; (2) that damages are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, an injunction is warranted; and (4) that the public interest would not be disserved by an injunction. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007). Leader Accessories argues that Millenium Outdoors cannot show irreparable injury because there is no likelihood of confusion between the parties' boat seats. It also contends that the balance of hardships and the public interest counsel against an injunction, because the elements of Millenium Outdoors' asserted trade dress are functional, so an injunction would hinder competition and prevent Leader Accessories from creating any kind of boat seat.

Leader Accessories is correct that the default does not automatically entitle Millenium Outdoors to its requested relief, including a permanent injunction. The court must still find that each of the elements warranting an injunction are met. *Id.* But that doesn't mean that Leader Accessories can re-litigate the facts related to liability; those facts are deemed admitted by the default for all purposes, including whether an injunction is warranted. *Id.* at 605. Any other conclusion would require the court to make potentially inconsistent factual findings by deeming certain facts admitted for liability purposes but allowing Leader Accessories to contest those very same facts for the purpose of determining the appropriate relief. Leader Accessories can argue at trial that an injunction is unnecessary, but it cannot support that position with evidence or argument that the trade dress is unprotectable. That would conflict with the facts that have been established by the default.

**B.  Leader Accessories' motion in limine**

Leader Accessories moves in limine to exclude "testimony, opinions, and any other evidence related to the trade dress, which is not necessary to quantify damages, and/or that has not been previously pled" by Millenium Outdoors. Dkt. 74.

The main thrust of Leader Accessories' motion appears to be a contention that Millenium Outdoors failed to adequately plead a trade dress claim. Leader Accessories asserts that Millenium Outdoors' "shotgun pleading and conclusory allegations regarding functional and nondistinct items fail to provide adequate notice of the claims or a proper factual basis for them." *Id.* at 3. This contention also appears in Leader Accessories' trial brief, though without any supporting argument. Dkt. 73, at 7. The court construes this part of the motion in limine as a motion to dismiss the trade dress claim for failure to state a claim.

To prevail on a trade dress claim, the plaintiff must demonstrate that (1) its trade dress has acquired secondary meaning and (2) defendants' use of the trade dress is likely to cause confusion among consumers. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1015 (7th Cir. 2005). When the trade dress is unregistered, as it is here, the plaintiff also bears the burden of demonstrating that the trade dress is non-functional. 15 U.S.C. § 1125(a)(3); *see also Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 492 (7th Cir. 2019). At the pleading stage, the plaintiff must allege facts sufficient to support a reasonable inference that each element of the claim is met. *Bliss Collection, LLC v. Latham Companies, LLC*, 82 F.4th 499, 515 (6th Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court concludes that Millenium Outdoors adequately pleaded its trade dress claim. In the complaint, Millenium Outdoors included detailed descriptions and images of both its own boat seat and Leader Accessories' boat seat. Dkt. 1, ¶ 23, ¶ 35. Millenium Outdoors alleged the specific elements that comprise the trade dress: the contour designs on the seat and backrest, the rounded edges of the backrest, the fabric cutouts in the backrest, the placement of a logo on the center of the backrest, the design, appearance, and placement of the side straps, and the design, appearance, and placement of the support bars underneath the seat. *Id.* ¶ 23. It alleged that it had used the trade dress for more than five years and that consumers had come to recognize that boat seats bearing the trade dress came from Millenium Outdoors. *Id.* ¶¶ 22, 24–25. And it alleged that the trade dress "does not affect the cost or quality of the boat seat or serve any functional purpose," "does not put Millenium's competitors at a significant reputation-related disadvantage," and "is not the only option for the design of a boat seat." *Id.* ¶ 21. Together, these allegations are more than enough to support a plausible inference that the trade dress is distinctive and non-functional, and that Leader Accessories' boat seats make

use of the trade dress in a way that would be likely to cause confusion. Leader Accessories'

motion to dismiss the trade dress claim will be denied.

The court will defer a ruling on the rest of Leader Accessories' motion in limine because

it is not clear from the motion what specific evidence Leader Accessories wants excluded. Leader

Accessories does not explain what it means by "evidence related to the trade dress, which is not

necessary to quantify damages, and/or that has not been previously pled." Leader Accessories

should be prepared to identify any specific types of evidence it wants excluded at the final

pretrial conference.

## ORDER

IT IS ORDERED that:

1. Plaintiff Millenium Outdoors' motion in limine to exclude evidence or argument
   that its design patents and trade dress are invalid, unenforceable, or otherwise
   unprotected, Dkt. 75, is GRANTED.

2. Defendant Leader Accessories' motion to dismiss the trade dress claim for failure to
   state a claim, Dkt. 74, is DENIED. The court defers a ruling on the rest of the
   Leader Accessories' motion in limine.

Entered October 30, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge