IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MILLENIUM OUTDOORS, LLC,

            Plaintiff,

v.

LEADER ACCESSORIES, LLC,

            Defendant.

PERMANENT INJUNCTION

23-cv-106-jdp

    The Court having found that (1) Plaintiff Millennium Outdoors, LLC has prevailed on its claims for trade dress infringement under the Lanham Act, 15 U.S.C. § 1125, and design patent infringement under 35 U.S.C. § 271; (2) Millennium has suffered, and will continue to suffer, irreparable harm absent injunctive relief; (3) remedies at law are inadequate to compensate Millennium; (4) the balance of hardships favors Millennium; and (5) the public interest is served by the issuance of this injunction, IT IS HEREBY ORDERED that:

    Defendant Leader Accessories LLC, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order, are hereby permanently enjoined from doing any of the following:

    1.    Manufacturing, importing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, or selling in the United States the product identified as the Leader Accessories Portable Folding Marine Fishing Seat Boat Seat or identified by Leader Accessories as the Textilene Boat Seat, images of which are shown below (collectively, "the Accused Product");



2. Manufacturing, importing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, or selling in the United States any product that uses, copies, or imitates Millennium's protected trade dress in Millennium's B-100 Boat Seat ("Millennium's Trade Dress"), as shown below and which includes the (a) the design, style, and appearance of the contour of the seat portion; (b) the design, style, and appearance of the contour of the backrest; (c) the design, style, and appearance of the rounded top left and right edges of the backrest; (d) the design, appearance, and placement of the fabric cutouts; (e) placement of a logo on the center of the backrest; (f) the design, appearance, and placement of the side straps, and (g) the design, appearance, and placement of the support bars underneath the seat portion;





3. Manufacturing, importing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, or selling in the United States any product that is a colorable imitation of or confusingly similar to Millennium's Trade Dress;

4. Assisting, enabling, or facilitating any third party in engaging in conduct that would violate Sections 1, 2, or 3 of this Injunction, including any third-party distribution or resale of the Accused Product;

5. Making, using, selling, or offering to sell in the United States, or importing into the United States, the Accused Product;

6. Making, using, selling, or offering to sell in the United States, or importing into the United States, any product that infringes U.S. Design Patent No. D727,046 ("the D046 Patent");

7. Making, using, selling, or offering to sell in the United States, or importing into the United States, any design that is not more than colorably different from the patented design of the D046 Patent and that would be deemed an infringement or

3

    its equivalent, including continued sale or distribution of any product derived from the Accused Product;

8. Assisting, enabling, or facilitating any third party to make, use, sell, offer to sell, or import product in the United States that infringes the D046 Patent, including facilitating third-party sale or resale of the Accused Product;

9. Making, using, selling, or offering to sell in the United States, or importing into the United States, any product that infringes U.S. Design Patent No. D727,047 ("the D047 Patent");

10. Making, using, selling, or offering to sell in the United States, or importing into the United States, any design that is not more than colorably different from the patented design of the D047 Patent and that would be deemed an infringement or its equivalent, including continued sale or distribution of any product derived from the Accused Product; or

11. Assisting, enabling, or facilitating any third party to make, use, sell, offer to sell, or import product in the United States that infringes the D046 Patent, including facilitating third-party sale or resale of the Accused Product.

12. Paragraphs 6–8 of this order apply until the expiration of the D046 Patent. Paragraphs 9–11 of this order apply until the expiration of the D047 Patent.

IT IS FURTHER ORDERED that:

Defendant Leader Accessories LLC and its counsel shall provide a copy of this order to every officer, agent, servant, employee, and attorney of Leader Accessories, including but not limited to Richard Chen, Matthew Wu, and Jeffrey Chen, and to any other persons who may be in active concert or participation with Leader Accessories or with its officers, agents, servants, employees, or attorneys.. Leader Accessories and its counsel shall also provide a copy of this order to Leader Accessories' affiliate Easepal Enterprises Limited. The court takes no position as to whether Easepal is an agent of Leader Accessories or is in active concert or participation with Leader Accessories under Federal Rule of Civil Procedure 65(d)(2).

The Court retains jurisdiction to enforce, modify, or interpret this Injunction and to adjudicate any disputes regarding compliance.

Entered January 12, 2026.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge